IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES R.,　　　　　　　　　　§ | | |
| 　　　　　　　　　　　　　　　　§ | | |
| 　　　Plaintiff,　　　　　　　　§ | | |
| 　　　　　　　　　　　　　　　　§ | | |
| V.　　　　　　　　　　　　　　§ | | |
| 　　　　　　　　　　　　　　　　§　　No. 3:17-cv-721-BN | | |
| 　　　　　　　　　　　　　　　　§ | | |
| NANCY A. BERRYHILL,　　　　§ | | |
| Acting Commissioner of Social Security, § | | |
| 　　　　　　　　　　　　　　　　§ | | |
| 　　　Defendant.　　　　　　　§ | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Charles R. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

### **Background**

Plaintiff alleges that he is disabled as a result of osteoarthritis of both knees and coronary artery disease. After his applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on October 22, 2015. *See* Dkt. No. 9 (Administrative Record ["Tr."] at 33-63 (Hearing Transcript)). At the time of the hearing, Plaintiff was 47 years old. He has a high school equivalency diploma and past work experience as a customer service clerks supervisor, security guard, and realtor. Plaintiff has not engaged in substantial gainful activity since June 1, 2010.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 14-23 (ALJ's Decision). Although the medical evidence established that Plaintiff suffered from morbid obesity, hypertensive cardiovascular disease, degenerative joint disease of the bilateral knees, and lumbar myofascitis, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform his past relevant work as a customer service clerks supervisor. Alternatively, relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as an order clerk (food and beverage) and a dowel inspector – jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In multiple grounds, Plaintiff argues that the ALJ committed reversible error by failing to resolve an internal contradiction in the ALJ's Decision, improperly rejecting the opinions of his treating physicians, and failing to consider new and material evidence of his disability.

The Court determines that the hearing decision must be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole

2

and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued

3

period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective

evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand.[1] Plaintiff argues that the ALJ's single reason for discounting the most important treating-source opinion in the record implies the existence of work-related limitations that the residual functional capacity ("RFC") finding omits and that the resulting

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

internal contradiction in the ALJ's Decision necessitates remand for clarification under the *Chenery* doctrine.

Mark A. Rodgers, M.D., an internal medicine specialist, has been Plaintiff's treating physician since 2014. Plaintiff contends that the record contains two medical opinions prepared by Dr. Rodgers and that the ALJ weighed both of them. According to Plaintiff, the most important of these medical opinions is a questionnaire focused on work-related functioning that was completed on September 3, 2015. *See* Tr. at 437-41.

Dr. Rodgers considered the functional limitations that would affect Plaintiff if he were to try to work full-time and concluded:

> Plaintiff can perform a job in a seated positions for one hour.
>
> It is medically necessary for Plaintiff to avoid continuous sitting. He must get up from a seated position to move around every thirty minutes. After that he should not return to a seated position for at least three hours.
>
> Plaintiff can perform a job standing and/or walking for less than one hour.
>
> Plaintiff requires unscheduled breaks to rest at unpredictable intervals approximately once per hour. Before returning to work, Plaintiff needs to rest for two to three hours.
>
> Plaintiff is likely to absent from work as a result of his impairments or treatment more than three times a month.

Tr. at 439-41. The questionnaire is dated after Plaintiff's insured eligibility expired, but Dr. Rodgers made clear that his answers apply retroactively back to June 1, 2010. *See id.* at 441 (stating that in his "best medical opinion," Plaintiff's "symptoms and related limitations as detailed in this questionnaire apply as far back as 06/01/2010").

6

Dr. Rodgers made the additional comment that "Pt. has been unable to have any gainful employment since 06/01/2010 due to the severe knee pain." *Id.*

In making the RFC determination, the ALJ considered the opinions of two treating physicians. The ALJ "considered Dr. Rodgers's opinion that the claimant is limited to a residual functional capacity for less than sedentary exertion. Dr. Rodgers noted the claimant had been unable to engage in any gainful employment since June 1, 2010 due to severe knee pain." *Id.* at 20 (referencing *id.* at 441). The ALJ also "considered the letter received from Kwan K. Oie, M.D., dated September 6, 2012. It was Dr. Oie's opinion that the claimant was disabled because of osteoarthritis of both knee[s] and severe morbid obesity." *Id.* (referencing *id.* at 344). The ALJ found that "the opinions of Dr. Rodgers and Dr. Oei that the claimant is disabled and unable to engage in any gainful employment is supported only to the extent that past repetitive use types of work reasonably are prohibited." *Id.* Based on that finding, the ALJ gave the treating physicians' opinions little weight. *See id.*

The ALJ found that Plaintiff has the RFC to perform sedentary work, with the limitations that Plaintiff can occasionally climb ramps and stairs, occasionally balance and stoop, never kneel or crawl, and never claim ladders, ropes and scaffolds. Furthermore, Plaintiff must be allowed to use a hand-held assistive device, such as a cane, for ambulation. *See id.* at 18. The RFC for sedentary work requires Plaintiff to engage in six hours of sitting each day and two hours of standing or walking. *See* SSR

96-9p, 1996 WL 374185, at *2. It makes no allowance for unscheduled breaks, permits no work absences, and does not prohibit repetitive types of work.

Plaintiff contends that the absence from the RFC finding of a restriction on "repetitive use types of work" contradicts the ALJ's comments when weighing the opinions of the two doctors that they were correct in prohibiting Plaintiff from that kind of work activity. Plaintiff asserts that this inconsistency on the face of the ALJ's decision makes the decision too unclear to be meaningfully reviewed.

"The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery*, 332 U.S. 194, 196-97 (1947).

The Court finds that the final decision of the Commissioner is not supported by substantial evidence. As argued by Plaintiff, there is an internal inconsistency between the ALJ's RFC finding, which is less protective of Plaintiff than Dr. Rodgers's opinion, and the ALJ's rejection of Dr. Rodgers's opinion except "to the extent that past repetitive use types of work reasonably are prohibited."

This ambiguity warrants remand for clarification, because it precludes the Court from conducting meaningful review. *See Chenery*, 332 U.S. at 196-97 ("[W]e must know what a decision means before the duty becomes ours to say whether it is right or

wrong."); *Williams v. Colvin*, No. 3:15-cv-1110-BF, 2016 WL 4800441, at *3 (N.D. Tex. Sept. 13, 2016) (holding that the *Chenery* doctrine required remand for clarification due to an apparent inconsistency between the RFC finding and the ALJ's reasons for rejecting a particular medical opinion); *Martinez v. Astrue*, No. 2:10-cv-102, 2011 WL 4128837, at *7 (N.D. Tex. Sept. 9, 2011) (remanding where the ALJ's finding that the plaintiff had a "severe' impairment as a result of surgical reattachment of fingers was facially at odds with his RFC finding that included no manipulative limitations); *Bagwell v. Barnhart*, 338 F. Supp. 2d 723, 735 (S.D. Tex. 2004) (holding that the court can "scarcely perform its assigned review function" when the ALJ fails to reconcile apparent inconsistencies in the decision that may affect the RFC finding).

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

DATED: August 27, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE